# ROTHSTEIN LAW PLLC
**The Woolworth Building**
**233 Broadway, Suite 900**
**New York, New York 10279**
**(212) 577-9797**

**Member NY & NJ Bars**                                                                                 Fax (212) 577-9799

September 9, 2020

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

        Re:    Rodolfo Monter Hernandez v. 99 Thai Playground LLC, et al.
              19-cv-01257-ALC

Dear Judge Carter:

    I represent defendant, Matt Bruck, and I write, pursuant to section 2(A) of Your Honor's Individual Practices, to request a pre-motion conference. The anticipated motion will seek to dismiss the case against Mr. Bruck pursuant to Fed.R.Civ.P. 12(b)(5) (insufficient service of process). I request that the Court hold the conference remotely as I am currently residing in Connecticut due to the pandemic.

    Plaintiff commenced this Fair Labor Standards Act case on February 8, 2019, by filing a complaint that listed a defendant "Matt Doe." ECF no.: 1. On April 3, 2019, a process served named Andre Meisel allegedly served the complaint by delivering it to someone named "Leo Smith" at the subject restaurant and by mailing a copy there. Mr. Meisel alleges that "Leo Smith" was "Matt Doe's" co-worker. Exhibit A.

    However, the motion will show that defendant Matt Bruck has never lived or worked at the restaurant and has never had an ownership interest in it. While plaintiff alleges that he worked at the restaurant from June 2012 until February 1, 2019 (ECF no.: 22 at $\pi$ 44), the motion will show that Mr. Bruck did not meet defendant Ngamprom Thaimee (the restaurant's chef and principal owner) until August 2017.

    Therefore, substituted service on him at a restaurant that he did now own (assuming he is Matt Doe) was improper because that location was not his actual place of business, dwelling place, or usual place of abode. Furthermore, substituted service on a defendant plead with "Doe" as a last name raises a constitutional due process issue regarding whether the service was reasonably calculated, under all circumstances, to apprise Mr. Bruck of the pendency of the action.

    Subsequently, plaintiff filed an amended complaint naming Matt Bruck as a defendant. ECF no.: 22. On May 14, 2019, Andre Meisel allegedly served defendant by delivering the papers to someone named "Joseph Smith" at the subject restaurant and by mailing a copy there. Mr. Meisel alleges that "Joseph Smith" was "Matt Doe's" co-worker. ECF no.: 37.

**ROTHSTEIN LAW PLLC**

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
September 9, 2020
2

  As above, Mr. Bruck never lived or worked at the restaurant, and never had an ownership interest. Therefore, substituted service on him there was improper because it was not his actual place of business, dwelling place, or usual place of abode.

  Moreover, during the week of April 29, 2019, a New York City Marshall padlocked the restaurant and returned the property to the building's owner. A motion will show that on May 10, 2019, the building owner allowed movers to clean out the restaurant. Thus, on May 14, 2019, the restaurant was out of business. Attached as exhibits B and C are copies of the Marshall's notice and a newspaper article dated May 10, 2019.[1]  Thus, Andre Meisel's claim that he served "Joseph Smith" at the restaurant on May 14, 2019, is dubious.

  Mr. Bruck, first learned of this lawsuit when plaintiff's counsel mailed an Order To Show Cause (doc. 90), seeking a default judgment, to him at Smart Advocate LLC, 6 Harbor Park Drive, Port Washington, New York 11050.  ECF no.: 98.  The parties then filed a stipulation under which plaintiff withdrew the Order To Show Cause while allowing defendant to Answer or move. ECF no.: 100.  The Court has not yet so-ordered the stipulation.

  A party may move to dismiss an action under Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficient service of process. If a defendant does not receive service in compliance with Rule 4 of the Federal Rules and does not waive formal service, the court lacks personal jurisdiction over the defendant and the defendant may not be a party to the action. *See* Fed. R. Civ. P. 12(b)(5). *See also* Fed. R. Civ. P. 4(m); *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir. 1978), *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (stating that proper service on a defendant of a Summons and Complaint is a prerequisite to personal jurisdiction).  Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. *George v. Prof'l Disposables Int'l, In*c. 221 F. Supp. 3d 428 (S.D.N.Y. 2016).

---

[1]  The article states that Mr. Bruck was Ngamprom Thaimee's business partner. The motion will show that in August of 2018, Ngamprom Thaimee and Mr. Bruck formed Thaimee Magic LLC, which  created and operated the Thaimee Magic food hall concept at Gansevoort Market (353 West 14th  Street) in late 2018 and then at Urban Space (570 Lexington Avenue) in 2019. Thaimee Magic LLC is the only business Mr. Bruck had with Ngamprom Thaimee and he never had any legal relationship to Thaimee Table.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
**19-cv-01257-ALC**
**September 9, 2020**
**3**

      Here, the process server allegedly served the complaint (listing defendant Matt Doe) at a restaurant that Mr. Bruck had no legal ties to: he was not an owner, and it was not his actual place of business, dwelling place, or usual place of abode. Plaintiff then allegedly served the amended complaint at the restaurant after the Marshall had padlocked it. These facts make a sufficient showing to permit defendant to file a motion to dismiss.

                                             Respectfully submitted,

                                             **ROTHSTEIN LAW PLLC**

                                             *Eric E. Rothstein*
                            By:    Eric E. Rothstein

Enc.

cc:    Clela Errington, Esq.
        Via e-filing only