# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

September 14, 2020

BY ECF
Judge Andrew L. Carter
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    Monter Hernandez et al v. 99 Thai Playground LLC et al.
                19-cv-01257

Your Honor:

     My office represents Plaintiff Rodolfo Monter Hernandez ("Plaintiff" or "Mr. Hernandez"). I write pursuant to section 2(A) of Your Honor's Individual Practices in response to Defendant Matt Bruck's ("Mr. Bruck") request for a pre-motion conference. Mr. Bruck has stated his intention to bring a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

     The Plaintiff brought this wage and hour action against his former employees at a now defunct Thai restaurant that operated at 99 3d Ave., New York, New York under the name "Thaimee Table," where he worked until February of 2019 as a delivery man. Mr. Hernandez does not refute Mr. Bruck's characterization of the affidavits filed with the Court as Dkt. Nos. 10 and 22. However, it is the Plaintiff's contention that both instances of service were sufficient to confer personal jurisdiction.

     The Federal Rules of Civil Procedure permit service on individuals to be made pursuant to the law of the state in which the district court is located. See Fed. R. Civ. P. 4(e)(1). Under the applicable sections of the New York Civil Practice Laws and Rules, personal service on an individual may be made, "… by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last

known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. C.P.L.R. 308(2).

New York law defines "actual place of business" as (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business. *See Badalamenti v. Country Imported Car Corp.,* 2012 U.S. Dist. LEXIS 173344*, \*13 (E.D.N.Y. 2013); see also King v. Galluzzo Equip. & Excavating, Inc.,* 2001 U.S. Dist. LEXIS 18344, (E.D.N.Y. 2001); see also *Columbus Realty Inv. Corp. v. Weng-Heng Tsiang*, 226 A.D.2d 259, 259 (N.Y. 1st Dep't 1996).

Mr. Bruck makes much of the second prong of this analysis, alleging that he held no ownership interest in Thaimee Table. Without extensive factfinding, Plaintiff has no way to prove his ownership beyond statements made years ago by principle owner Ngamprom Thaimee[1] and Mr. Bruck himself. However, even if he had no ownership interest, Mr. Hernandez intends to show that Mr. Bruck did indeed regularly transact business there, appearing at the restaurant multiple times weekly in order to issue instructions to the staff and even personally distributing their wages.

Mr. Bruck's assertion that he was a partner in a different restaurant owned by Defendant Ngamprom Thaimee likewise does preclude that Thaimee Table was his actual place of business within the meaning of the law. A defendant can have more than one "actual place of business" for the purpose of service of process. *See, e.g., Gibson, Dunn & Crutcher LLP v. Global Nuclear Servs. & Supply, Ltd*., 280 A.D.2d 360, 361 (N.Y. 1st Dep't 2001) (finding service proper at particular address even though "defendant may have conducted business elsewhere at times").

Further, under New York law, a defendant is precluded from denying an address is his actual place of business where he has held out that address to the public. See *Velez v. Vassallo*, 203 F. Supp. 2d 312, (E.D.N.Y. 2002), see also *Vid v. Kaufman*, 282 A.D.2d 739, 740, (N. Y. 2d Dep't 2001). Not only did Mr. Bruck hold himself out as an owner to the employees of Thaimee Table, but he himself has filed with the court a news article wherein he, identified as a business partner, issued a statement to a reporter regarding the future plans of the restaurant. *See* Dkt. No. 101, Ex. 3. As of May 10, 2019, Mr. Bruck publicly held himself out as a partner in Thaimee Table. Having made this representation, Mr. Bruck cannot now claim that it was not his actual place of business.

---

[1] Ngamprom Thaimee is a co-defendant in this action, currently in default.

Finally, should the Court find Mr. Bruck's request for a pre-motion conference compelling, the Plaintiff respectfully requests that Your Honor simultaneously consider allowing Plaintiff to file a Motion for Extension of Time in Which to Serve the Amended Complaint. The facts as set forth above constitute good cause within the standard set forth in Fed. R. Civ. P. 4(m) to grant such an extension. The Plaintiff has alleged in the Amended Complaint facts sufficient to show that Mr. Bruck was his employer within the expansive definition of the Fair Labor Standards Act and the New York Labor Law. Further, he has at all times operated on the word of both Mr. Bruck and Defendant Ngamprom Thaimee that Mr. Bruck was a part owner. In sum, Plaintiff has had no reason to believe during the year-long pendency of this action that service was ineffective, being in the possession of an Affidavit of Service that on its face shows Mr. Bruck to have been served at the latest as of May 10, 2019. *See* Dkt. No. 22. Had the Plaintiff had reason to believe that service could not have been made due to the restaurant being seized and padlocked[2], further efforts would have been made to serve Mr. Bruck at an alternate address within the time allotted by Fed. R. Civ. P. 4(m).

We look forward to addressing this matter further with Your Honor, in the event that Defendants insist on expending party and judicial resources on a motion and evidentiary hearing. Thank you for your attention to this matter.

        Respectfully submitted,

        By: */s/Clela Errington*

        Clela A. Errington, Esq.
        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiff*

cc: Eric Rothstein, Esq. via ECF

---

[2] Exhibit 2 of Defendant Bruck's letter, Dkt.. 101, Ex.2 is a photo of a Marshall's notice of seizure ostensibly affixed to the window of the space formerly housing Thaimee Table. It is curious that a person who did not transact business there would have taken such a photograph or kept it more than a year after the alleged possession took place.