**ROTHSTEIN LAW PLLC**
**The Woolworth Building**
**233 Broadway, Suite 900**
**New York, New York 10279**
**(212) 577-9797**

**Member NY & NJ Bars**

October 21, 2020

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    Rodolfo Monter Hernandez v. 99 Thai Playground LLC, et al.
            19-cv-01257-ALC

Dear Judge Carter:

    I represent defendant, Matt Bruck, and I submit this responsive letter pursuant to Your Honor's September 17, 2020, Order that plaintiff show cause why the Court should not dismiss the case for inadequate service of process. ECF no.: 104.

Plaintiff's Allegations Against Mr. Bruck:

    While plaintiff's Amended Complaint alleges violations of the FLSA and the New York Labor Law from 2012 to 2019, his Declaration (ECF no.: 105-1) limits his claim against Mr. Bruck to his allegation that he was not paid for the final three weeks of employment and is owed $1,800.[1]

The Nearly Identical Affidavits of Service:

    On April 3, 2019, Andre Meisel alleges that he served the summons and complaint on defendant Bruck by delivering them to "Leo Smith," who identified himself a "co-worker." ECF no.: 105-2.

    On May 14, 2019, Mr. Meisel alleges that he served the amended complaint on Bruck by delivering them to "Joseph Smith," who identified himself a "co-worker." ECF no.: 37.

    Apparently everyone at restaurant refers to themselves as "co-worker" and are either related or refuse to give them last named.

The Law Regarding Service of Process:

    Defendants in federal court are served pursuant to Fed.R.Civ.P. 4, which permits service by the methods authorized by state law. "In New York, a process server's affidavit of service establishes a

---

[1]     I emailed plaintiff's counsel to confirm this but did not receive a response.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
2

prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that Pacific was properly served with the complaint. A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc*., 301 F.3d 54, 57 (2d Cir. 2002). "When a defendant moves to dismiss under Rule 12(b)(5*)*, the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752-53 (2d Cir. 2010).

Unique Service Issues:

Both of the alleged services of process have factually unique failings. Therefore, they are addressed individually before discussion of the fact that the restaurant was never Bruck's actual place of business.[2]

The April 3, 2019, John Doe Service Was Insufficient

As Your Honor has recognized, "Constitutional due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, 2014 U.S. Dist. LEXIS 45891 (SDNY 2014).

Substituted service on a defendant plead in the caption as "Doe" as a last name did not satisfy defendant Bruck's due process rights and was not reasonably calculated, under all circumstances, to apprise him of the pendency of the action. "Personal service by way of delivery to a suitable person at a defendant's actual place of business is allowed because it is presumed that the *business relationship* between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant." *Glasser v. Keller*, 149 Misc.2d 875 (Sup. Ct., Queens Cty, 1991) (emphasis added).

The issue of Bruck's lack of "business relationship" with the restaurant is addressed below. However, even assuming that Bruck did have a "business relationship" with the restaurant, how was "Leo Smith" supposed to know who to deliver the summons and complaint to without a last name? Thus, the substituted service was not designed to insure "prompt redelivery to the defendant." *Liberty View Corp. v Wyeth, Inc.,* 2020 N.Y. Misc. LEXIS 1083 (Sup. Ct, NY Cty, March 6, 2020).

Indeed, plaintiff's counsel recognized the problem in using substituted service on a Doe defendant because they had the process server serve the amended complaint after they learned Bruck's last name. ECF no.: 105 at 1. However, there was no legal reason to do so had Bruck been truly served the first time and by their actions counsel demonstrated doubt about the effectiveness of serving a Doe

---

[2]   Plaintiff does not allege that the restaurant was Bruck's dwelling place or usual place of abode.

**ROTHSTEIN LAW PLLC**

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
3

defendant. If the original service of process was valid plaintiff's counsel could have simply moved to amend the caption rather than serving the amended complaint. *East Savings Bank, FSB v. Rabito*, No. 11 CV 2501, 2012 U.S. Dist. LEXIS 115869, 2012 WL 3544755, at *3-4 (E.D.N.Y. Aug. 16, 2012); *Christiana Bank & Trust Co. v. Dalton*, No. 06 CV 3206, 2009 U.S. Dist. LEXIS 108172, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (same).

Furthermore, as set forth in his accompanying Declaration, defendant Bruck does not know anyone named "Leo Smith" (the last name sounds fictional, especially in light of the fact that the same process server alleges he served the amended complaint on "Joseph Smith") so how can he subpoena that purported person to testify at a traverse hearing?

Therefore, the Court should hold that the alleged service of the initial summons and complaint, lacking a true last name, was insufficient. In addition, as set forth below, defendant Bruck had no "business relationship" with the restaurant. *Glasser, supra*. This is an additional reason why the Doe service was ineffective.

The Affidavit of Service Regarding The
Amended Complaint Is Insufficient Because
It Does Not Address The Marshall's Padlocking The Building;
In Any Event, A Closed Restaurant Cannot Be Bruck's
Place of Business As A Matter of Law

Although a process server's Affidavit of Service generally establishes a *prima facie* case of service, the Court should consider the procedural history. This is not the usual situation where a defendant filed a Fed.R.Civ.P. 12(b)(5) motion to dismiss and the plaintiff is responding for the first time. Rather, defendant started this process by writing to the Court to seek permission to file a motion to dismiss. Doc. 101. In that letter, I detailed defendant Bruck's legal and factual arguments. Plaintiff subsequently filed his own letter setting forth his position. ECF no.: 102. Given that plaintiff was on notice of defendant Bruck's specific argument that the restaurant no longer possessed the premises, his reliance solely on the affidavit of service, which does not address whether the building was closed or showed signs of an active business (the process server alleges service at 1:21 pm) under the unique facts of this case, is not sufficient to establish a *prima facie* case.

In any event, the evidence shows that the restaurant was no longer in business. The process server alleges that he served the amended complaint on May 14, 2019, by delivering the papers to someone named "Joseph Smith." ECF no.: 37. However, as defendant Bruck's Declaration, and the exhibits thereto, establish, during the week of April 29, 2019, a New York City Marshall padlocked the restaurant and returned the property to the building's owner. On May 10, 2019, the building owner allowed movers to clean out the restaurant. Thus, on May 14, 2019, the restaurant was out of business.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
4

Attached as exhibits A and B are copies of the Marshall's notice[3] and a newspaper article dated May 10, 2019.[4]

     Thus, Andre Meisel's claim that he served "Joseph Smith" at the restaurant on May 14, 2019, is dubious. However, even accepting the allegation as true, because the restaurant was closed – and possession retuned to the building owner – any such service was not legally effective because the premises could not have been defendant's Bruck's actual place of business. *Balendran by Balendran v. North Shore Med. Group, P.C.*, 251 A.D.2d 522, 523 (2d Dept. 1998) ("appellant had retired from that practice on June 30, 1993, and that North Shore Medical Group was no longer the appellant's actual place of business"); *Yongwei Zhang v. How Ho Cheng*, 2011 U.S. Dist. LEXIS 146539 (SDNY 2011) ("Mr. Cheng has demonstrated that at the time of service he had already sold his interest in the Thai Grill.); *Leab v. Streit*, 584 F. Supp. 748 (S.D.N.Y. 1984) (service was inadequate because the defendant clearly demonstrated that he no longer worked at the place of business on the date of service); *Cho v. Song*, 166 Misc. 2d 129 (Sup. Ct, NY Cty, August 2, 1995) (service on a medical-malpractice defendant was improper where service of process on his secretary at the campus of university at which he taught was not at his "actual place of business," even though he maintained office and records on campus, because he was on teaching sabbatical in Korea and had closed his medical office when service was made)

     As such, the alleged May 14, 2019, service did not confer jurisdiction over Mr. Bruck. Notably, while I raised the fact that the Marshall seizing possession of the restaurant in my prior letter, plaintiff did not address it in his response to the Court's Order To Show Cause.

---

[3]     In her prior correspondence, plaintiff's counsel wrote "It is curious that a person who did not transact business there would have taken such a photograph or kept it more than a year after the alleged possession took place." ECF no.: 102 at fn 2. As Mr. Bruck explains in his Declaration, he obtained the photo from the internet. Bruck Declaration at π 24. *See* https://evgrieve.com/2019/05/the-marshal-visits-thaimee-table-who.html. Notably, the photo previously filed in court is the exact same as in the above internet story – right down to the rip in the lower right hand corner.

[4]     The article states that Mr. Bruck was Ngamprom Thaimee's business partner. Defendant Bruck's Declaration establishes that in August of 2018, he and Ngamprom Thaimee formed Thaimee Magic LLC, which created and operated the Thaimee Magic food hall concept at Gansevoort Market (353 West 14th Street) in late 2018 and then at Urban Space (570 Lexington Avenue) in 2019. Thaimee Magic LLC is the only business Mr. Bruck had with Ngamprom Thaimee and he never had any legal relationship to Thaimee Table. *See* ECF no.: 105-1 at π 11.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
5

<u>The Restaurant Was Not Defendant
Bruck's Place of Business</u>

"For the purpose of § 308(2), a person's "actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." *TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 582 (SDNY 2012). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business." *Id*.

However, "the fact that a defendant does business in a given place does not necessarily make it *his* place of business. There must be an identification of the defendant's business with the place, such as comes with employment or proprietorship." *Underwood v. Shukat*, 2002 U.S. Dist. LEXIS 10778 (SDNY 2002), *quoting Glasser, supra*. "Personal service by way of delivery to a suitable person at a defendant's actual place of business is permitted under C.P.L.R. Section 308(2) because it is presumed that the business relationship between the deliveree and the defendant will induce the prompt re-delivery of the summons to the defendant." *King v. Galluzzo Equip. & Excavating, Inc*., 2001 U.S. Dist. LEXIS 18344 (EDNY 2001).

Here, plaintiff does not allege that defendant Bruck held out the restaurant as his place of business through "regular solicitation or advertisement." Nor did Bruck own or operate the restaurant. Bruck Declaration. At most, plaintiff states that "[i]t was my understanding" that defendant Bruck replaced former defendant Andrew Pirgousis as an owner. ECF no.: 105-1 at π 4. Notably absent, however, is any allegation by plaintiff that defendant Bruck identified himself as an owner, partner, employee, manager of the restaurant.

Nor did defendant Bruck have anything to do with the payroll. Bruck Declaration at ππ 8, 12. Both Chy Thaimee and Luigi are named in the caption of this case. As plaintiff does not allege them to be owners, but rather managers, he seemingly knew they were the ones in charge of payroll. ECF no.: 22 at ππ 29-30.

Significantly, Bruck's occasional visits to the restaurant were to either meet with Hong Thaimee to discuss a different restaurant that they owned, to eat with friends, or to pick up supplies for his own restaurant. While Bruck occasionally pitched it to help bus tables or wash dishes, this did not establish the restaurant as his actual place of business for service of process related to a restaurant he neither owned nor worked at. Nor did his limited visits rise to the level of "regularly transacts business" as required under CPLR § 308(2). Bruck Declaration.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
6

Alleged Actual Notice of The Suit Is Not
A Legal Substitute For Service of Process

      Plaintiff's bare allegation that defendant Bruck admitted knowledge of the lawsuit in an April 2019 phone call is legally irrelevant and does not excuse his failure to properly effect service of process. *First Tenn. Bank Nat'l Ass'n v. Thause*, 2011 U.S. Dist. LEXIS 110984 (EDNY 2011), *citing Macchia v. Russo*, 67 N.Y.2d 592, 594 (1986) ("In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment. Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." [internal citation omitted]).[5]

      Furthermore, plaintiff's counsel did not mention the alleged phone call in her September 14, 2020, submission. ECF no. 102.  Thus, the Court should find it to be a feigned effort by plaintiff to support personal jurisdiction where it does not exist.

      Moreover, on October 12, 2020, I emailed his attorney demanded "… the phone records that support plaintiff's allegation that he spoke to my client regarding the case as set forth in paragraph 12 of plaintiff's Declaration.."  In reponse, plaintiff's counsel wrote "Obtaining these records would require requesting them from my client's old phone company. If you can cite me some statutory authority or get the court to order discovery at this juncture, I would be happy to look into it, but otherwise I am going to have to object." Exhibit C.  Thus, it is clear that plaintiff declined the opportunity to corroborate his allegation.

      Thus, the Court should dismiss the case against defendant Bruck.

In The Alternative, The Court Should
Conduct An Evidentiary Hearing

      While plaintiff correctly notes that a process server's Affidavit of Service *prima*i *facie* case of service, critically plaintiff omits that "[a] defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server'**s** affidavit and necessitates an evidentiary hearing. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  Here, defendant Bruck's Declaration not only contains his sworn denial regarding each alleged service, it contains numerous facts undermining service including the unimpeachable facts that seriously call into question the veracity of the process server's claim that he effected service on a restaurant employee *after* a Marshall had repossessed the property, returned it to the owner, and the restaurant's owner had already removed its property.

---

[5]     Bruck denies having a phone conversation with plaintiff. Declaration at π 14.

ROTHSTEIN LAW PLLC

**Monter Hernandez v. 99 Thai Playground LLC, et al.**
19-cv-01257-ALC
October 21, 2020
7

Thus, if the Court is unwilling to dismiss the case, then a hearing in warranted.

                                            Respectfully submitted,

                                            **ROTHSTEIN LAW PLLC**

                                            *Eric E. Rothstein*
                                 By:   Eric E. Rothstein

cc:   Clela Errington, Esq.
       Via e-filing only