# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                 Telephone: (212) 317-1200
New York, New York 10165                                     Facsimile: (212) 317-1620

October 29, 2020

BY ECF
Judge Andrew L. Carter
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:     Monter Hernandez et al v. 99 Thai Playground LLC et al.
                   19-cv-01257

Your Honor:

      My office represents Plaintiff Rodolfo Monter Hernandez. I write to reply to Defendant Matt Bruck's response to Plaintiff's submission in response to this Court's Order to Show Cause of September 17, 2020.

### Defendant Bruck's liability is not necessarily limited in the way that he describes

      Defendant Bruck alleges that his liability would be limited to $1,800.00 due to non-payment of the Plaintiff for three weeks during which he was responsible for payroll. This is not necessarily true. He could also be jointly liable for wage notice and recordkeeping violations under New York Labor Law. Additionally, absent discovery to show the actual relationship between Mr. Bruck and the business – about which he has made several contradictory claims – Plaintiff cannot say whether he could be found to have taken on liability for acts committed by the business before he gained an interest in it. The purpose of the instant proceeding is not to interrogate the exact nature and extent of Mr. Bruck's liability, a question that would require discovery, but simply to establish whether he was properly served.

### Plaintiff's choice to amend the complaint rather than only the caption does not constitute an admission that the April 3, 2019 service was insufficient

      The First Amended Complaint does not simply change "Matt Doe" to "Matt Bruck" in the caption but also adds defendant Andrew Pirgousis, who was not named in the initial Complaint. ECF No. 22. The Amended Complaint was not only re-served on Mr. Bruck but also on Corporate Defendants 99 Thai Playground LLC and Inspired Hospitality Management LLC, who had been duly served with the initial complaint via the Secretary of State. ECF Nos. 51-52. Defendant Bruck's reading of this choice to indicate a belief that the initial service was insufficient holds no merit.

Defendant Bruck then goes on the state that the "Leo Smith"[1] served on April 3, 2019 could not possibly promptly redeliver to a "Matt Doe" the summons and complaint as contemplated in certain readings of NY CPLR 308(2). However, Mr. Bruck himself identifies another Doe defendant, Luigi[2], as a manager of Thaimee Table responsible for assisting with payroll. ECF 106-1 ¶ 8. If Matt Bruck had sufficient knowledge of the workplace at Thaimee Table that he could identify a man known only as Luigi and name some of his job responsibilities, it cannot simultaneously stand to reason to that a coworker at Thaimee Table would not have been able to identify a Matt who worked there during that time and redelivered the summons and complaint to him.

Defendants' sworn statements that are not directly contradicted by the Plaintiff's sworn statements are at best confusing. He states that he never transacted any business at Thaimee Table and did not have authority to direct their staff. Yet, he describes directing their staff in order to cater events. ECF No. 106-1 ¶ 7. He admits to performing work such as bussing tables and washing dishes at Thaimee Table. ECF No. 106-1 ¶ 12. Mr. Bruck describes getting supplies from Thaimee Table to the related businesses he admits to owning – indeed, Plaintiff attests that he himself was among those responsible for moving them at Mr. Bruck's direction. ECF No. 105-1 ¶ 11. He states that he never advertised himself as an owner of Thaimee Table, yet he himself has attached to his response an article where he was identified as a partner of Ngamprom Thaimee (a co-defendant and founder of the eponymous restaurant). ECF No. 106-3. Mr. Bruck now appears to state that the reporter was mistaken in thinking that this meant he was a partner in the restaurant that was the subject of the article. Did he not intend to publicly advertise himself as a partner at Thaimee Table, one would think he would have corrected the very logical inference that a person identifying himself as a partner of the owner and possessing specific information about the future of the business is, in fact, a partner in that business and not some other business that is not even mentioned.

### Questions regarding the Marshall's April 29th, 2019 seizure of the premises at the very least merit discovery and hearing

Defendant's characterization of Plaintiff's failure to address his claims concerning the Marshalls' alleged seizure of the premises of Thaimee Table are meritless. In his original letter seeking leave to file a Motion to Dismiss, ECF No. 102. Defendant Bruck relied only on a news article to allege that the business had been permanently shuttered when service of the Amended Complaint was made on Defendants, and allegations that service was thus "dubious."[3] He stated that he "intended to show" that the business was closed, but did not actually do so in the letter, giving Plaintiff nothing to respond to. The first serious evidence giving rise to an actual inference that the restaurant might have been closed on May 14, 2020 came with the filing of his response to the instant Order to Show Cause. ECF No. 106, on October 21, 2020. This is the first time that Plaintiff learned that Defendant Bruck is claiming to have been personally present to observe the

---

[1] As stated on the face of the Affidavit of Service, ECF No. 105-2, the person served refused to state true first and/or last names, as such Mr. Bruck's denial that he knows a Leo Smith is irrelevant to this query.

[2] Luigi Doe was initially named as a manager in the Initial Complaint. As no Defendant appeared from whom to take discovery as to his actual identity nor did Plaintiff learn of his surname through other means, he was voluntarily dismissed from the case in advance of the Plaintiff filing for a judgment in default.

[3] In this very article, Bruck himself is quoted as saying the restaurant would re-open the following week. He was served again at the restaurant four days later. ECF No. 106-3.

restaurant's move-out on May 10, 2020 (and yet, still claiming that he never had a business relationship thereto).

Defendants' counsel further mischaracterizes the nature of the undersigned's declining to engage in further discovery at this juncture in the form of telephone records reflect a call between Plaintiff and Defendant Bruck in April of 2019. Attempts to obtain the requested records from the Plaintiff's former wireless provider would not likely result in the documents being produced within the briefing schedule set forth by the Court. Plaintiff's sworn affidavit that the conversation took place should constitute sufficient evidence thereof. At the time of his counsel's request, there was no indication that Defendant denied that such a conversation took place, only a demand for the records. Indeed it is only after Plaintiff declined go through the steps to obtain these documents at this juncture that Defendant made such a denial. Should the Court, as Defendant contemplates in his response, order discovery and that a hearing be set, Plaintiff will comply including retrieving such records himself or obtaining such via subpoena.

### Alternatively, an extension of time for the Plaintiff to serve the Complaint under FRCP 4(m) is merited

Even if this Court finds that neither instance of service on Defendant Bruck is adequate, Plaintiff posits that this resulted through no fault of his own, nor the inadvertence of counsel, nor the mistake of a process server. Should they be found inadequate, it is because two separate individuals purposefully misidentified or mistakenly identified themselves a coworkers of Defendant Bruck, and thus authorized to accept service under NY CPLR 308(2). Plaintiff avers that the Court could preserve judicial, party, and witness resources that would be spent engaging in discovery and holding a hearing by simply extending the time in which Plaintiff has to serve Defendant Bruck.[4] Plaintiff posits that good cause exists to do so.

Good cause to extend the amount of time a Plaintiff has to serve a Defendant exists "…only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Howard v Klynveld Peat Marwick Goerdeler*, 977 F Supp 654, 657 (SDNY 1997). This Court has previously granted an extension time to serve where "…Plaintiff has demonstrated sufficiently her good-faith efforts to serve [defendant] in a timely fashion, and her evidentiary proffers demonstrate a basis for her belief that service was accomplished in an effective, as well as a timely, manner." *Ifill v UPS*, 2006 US Dist LEXIS 30651, at *3-4 (SDNY 2006)(granting an extension of time to where receiving agent had misrepresented her authority to accept service for defendant). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *George v Professional Disposables Intl., Inc.,* 221 F Supp 3d 428, 443 (SDNY 2016).

Plaintiff served both the initial Complaint and the Amended Complaint on two separate individuals who claimed to be coworkers of Mr. Bruck at a place where the Plaintiff had observed Mr. Bruck to have worked only a few months before. He properly sent copies of the relevant papers to the address where these individuals were served. ECF No. 105-2, ECF No. 37. Indeed, as

---

[4] Plaintiff has already voluntarily withdrawn his Motion for Default Judgment against Defendant Bruck.

Defendant Bruck has pointed out, Plaintiff could have simply amended the caption to include his true surname rather than attempting to service the amended complaint. Plaintiff's attempt to make absolutely sure that Mr. Bruck had notice of the pending lawsuit shows good faith effort in attempting to serve this defendant in a timely manner. If persons present at that place of business misrepresented their relationship to him, there is no way that the Plaintiff could have known this in advance of his response to the Motion for Default Judgment filed more than a year later. Further, no prejudice would occur against the Defendant. Plaintiff has already withdrawn his Motion for Default Judgment and granted time for Defendant Bruck to respond. The case has proceeded to date largely without any defendants[5] and were the case to be dismissed without prejudice and refiled, Plaintiffs' claims would not be barred by relevant statutes of limitations.

## Conclusion

For the reasons set forth above, this Court should either 1) rule that service upon Defendant Matt Bruck was adequate or 2) extend Plaintiff's time to allow him to serve Defendant Matt Bruck now that possible deficiencies in service have been brought to light for the first time.

Respectfully submitted,

By: */s/Clela Errington*

Clela A. Errington, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Eric Rothstein, Esq. via ECF

---

[5] Defendant Bruck's predecessor Andrew Pirgoussis litigated the case briefly but settled and was dismissed from it earlier this year. The only appearing defendant's involvement with Thaimee Table does not appear to overlap in time with Defendant Bruck's.