UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X  19-cv-1257

RODOLFO MONTER HERNANDEZ, *individually and on behalf of others similarly situated*,

                    *Plaintiffs*,

    -against-

99 THAI PLAYGROUND LLC, (D/B/A THAIMEE TABLE (F/K/A NGAM)), INSPIRED HOSPITALITY MANAGEMENT LLC (D/B/A THAIMEE TABLE (F/K/A NGAM)), NGAMPROM THAIMEE (A/K/A HONG), MATT BRUCK, CHAI THAIMEE, and LUIGI DOE,

                    *Defendants*.

----------------------------------------------------------X

DECLARATION OF
RODOLFO MONTER HERNANDEZ

I, Rodolfo Monter Hernandez, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that:

1. I am the Plaintiff in the above-captioned action, and I have personal knowledge of the matters stated below.

2. I reside in Bronx County, New York.

3. I was employed by the Defendants from approximately June 2012 until on or about February 1, 2019.

4. Defendants own, operate, or control a Thai restaurant located at 99 3rd Avenue, New York, NY 1003 under the name Thaimee Table, formerly under the name Ngam.

5. Defendant Ngamprom Thaimee had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

6. Defendant Ngamprom Thaimee is not in the military service of the United States.

7. I know defendant Ngamprom Thaimee is not in the military service of the United States because I have seen him regularly at Thaimee Table, where I worked.

8. Defendant Chai Thaimee had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

9. Defendant Chai Thaimee is not in the military service of the United States.

10. I know defendant Chai Thaimee is not in the military service of the United States because I have seen him regularly at Thaimee Table, where I worked.

11. Defendant Matt Bruck had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

12. Defendant Matt Bruck is not in the military service of the United States.

13. I know defendant Matt Bruck is not in the military service of the United States because I have seen him regularly at Thaimee Table, where I worked.

14. Defendant Luigi Doe had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

15. Defendant Luigi Doe is not in the military service of the United States.

16. I know defendant Luigi Doe is not in the military service of the United States because I have seen him regularly at Thaimee Table, where I worked.

17. From June 2012 until approximately October 2015, I was employed as a delivery worker. However, I was required to spend a considerable part of my work day performing non-tipped duties, including but not limited to washing dishes, sweeping and mopping, washing the

bathroom, kitchen and restaurant floors, taking out the trash and recycling, cleaning the kitchen ventilator, windows, drains, preparing and cooking food, putting together delivery packages, bringing up all sorts of items from the basement to the kitchen, bringing down and stocking delivered items into the refrigerator

18. My duties required neither discretion nor independent judgment.

19. From February 2013 until approximately October 2014, I worked as a delivery worker and dishwasher from approximately 9:00 A.M. until approximately 11:00 P.M., five days per week. I also worked from approximately 9:00 A.M. until approximately 10:00 P.M., two days per week. During this time period I typically worked 96 hours per week.

20. From October 2014 until approximately October 2015, I worked as a delivery worker ad food preparer from approximately 9:00 A.M. until approximately 9:00 P.M. three days per week, and from approximately 9:00 A.M. until approximately 8:00 P.M. three days per week. During this time period, I typically worked 69 hours per week,

21. From approximately October 2015 until approximately November 2016, I worked as a food preparer from approximately 9:00 A.M. until approximately 7:00 P.M., six days per week. During this time, I typically worked 60 hours per week.

22. From approximately November 2016 until approximately July 2017, I worked as a food preparer from approximately 9:00 A.M. until approximately 5:00 P.M, six days per week. During this time, I typically worked 48 hours per week.

23. From approximately July 2017 until approximately February 1, 2019, I worked as a food preparer from approximately 9:00 a.m. until approximately 5:00 p.m., five days per week. During this time, I typically worked 40 hours per week.

24. Throughout my employment, Defendants paid me my wages in cash.

25. From approximately February 2013 until on or about October 2014, Defendants paid me a fixed salary of $350 per week.

26. From approximately October 2014 until on or about October 2015, Defendants paid me a fixed salary of $600 per week.

27. From approximately October 2015 until on or about July 2017, Defendants paid me a fixed salary of $700 per week.

28. From approximately July 2017 until on or about February 1, 2019 Defendants paid me a fixed salary of $600 per week.

29. For approximately three weeks, Defendants did not pay me anything for my work.

30. My pay did not vary even when I was required to stay later or work a longer day than usually scheduled.

31. During times when I worked as a delivery worker, Defendants never informed me that my tips were being included as an offset for wages. Defendants never accounted for my tips in any accounting of my wages,

32. Prior to approximately July of 2017, I was not required to keep track of my time. To my knowledge, Defendants did not use any time tracking device such as punch cards in order to record the time I worked.

33. I was not provided with an accurate statement of wages, with each payment of wages.

34. I never received any notice from the Defendants, in English and in Spanish, my primary language, of my rate of pay, regular payday, or any other required information. On a number of occasions,

35. I remain unpaid for overtime compensation and minimum wages.

36. I did not receive "spread of hours" pay for days when my shift was more than ten hours long.

37. Defendants required me to purchase tools of the trade with my own funds.

38. I respectfully submit this declaration in support of my motion for default judgment.

39. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este documento ha sido traducido y yo comprendo todos los términos.").

40. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: Bronx, NY

10/8/2020

*Rodolfo MH*
Rodolfo Monter Hernandez