UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RODOLFO MONTER HERNANDEZ,

                                Plaintiff,                19-CV-01257 (ALC)(SN)

             -against-                          **ORDER**

99 THAI PLAYGROUND LLC, et al.,

                                Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       In this Fair Labor Standards Act ("FLSA") case, it appears that several defendants were voluntarily dismissed. See Nos. 81 (Andrew Pirgousis, dismissal with prejudice); 95 (Luigi Doe, dismissal without prejudice); 96 (Chai Thaimee, dismissal without prejudice); and 125 (Matt Bruck, dismissal without prejudice). With respect to the dismissal of Andrew Pirgousis, the stipulation further provides that the "Court shall continue to maintain jurisdiction over enforcement of the settlement agreement in the action." Nothing in the record suggests that the parties sought judicial approval of any dismissal of these defendants pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), even though Plaintiff bills the hours spent negotiating and reviewing a "settlement agreement." See ECF No. 120, Ex. 3 at 3. Of additional concern is that Plaintiff's counsel apparently seeks full recovery of its fees for all work performed in this case despite the fact that the billing records reflect "payment of settlement." To the extent Plaintiff's counsel seeks fees for work performed pursuing defendants who were dismissed because they should not have been sued, recovery for that time is inappropriate.

The Court also seeks clarity regarding Plaintiff's declaration, which was filed on February 26, 2021, but signed on October 8, 2020. See ECF No. 120-2. In this declaration, the Plaintiff swears under penalty of perjury that Defendants Chai Thaimee, Luigi Doe, and Matt Bruck were Plaintiff's employer under the law. Two months before Plaintiff allegedly swore to this statement, Defendants Chai Thaimee and Luigi Doe had been dismissed from the case. Defendant Bruck would be dismissed three months after this sworn statement was submitted as part of the default judgment motion. The Court seeks clarity on why these three defendants were dismissed, whether that dismissal was the result of a negotiated settlement, and, if these defendants were dismissed because they were not proper defendants, how that is reconciled with Plaintiff's sworn statement.

Accordingly, Plaintiff's counsel must file (1) a sworn attorney affidavit responding to the Court's concerns raised in this Order, including a copy of any settlement agreement, and (2) a letter application explaining the legal basis for (a) the failure to seek judicial approval of the four stipulations of dismissal and (b) the request for attorney's fees for all work performed regardless of the outcome vis-à-vis a particular defendant. These submissions are due by August 5, 2022.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         July 27, 2022