UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO MONTER HERNANDEZ,

                *Plaintiff,*

-against-

99 THAI PLAYGROUND LLC (D/B/A THAIMEE TABLE (F/K/A NGAM)), INSPIRED HOSPITALITY (D/B/A THAIMEE TABLE (F/K/A NGAM)), NGAMPROM THAIMEE (AKA HONG), MATT BRUCK, ANDREW PIRGOUSIS, CHAI THAIMEE, and LUIGI DOE,

                *Defendants.*

Case No. 19-cv-01257-ALC

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Rodolfo Monter Hernandez on the one hand, and Defendant Andrew Pirgousis on the other hand.

      WHEREAS, Plaintiff Monter alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff Monter's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 19-cv-01257 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendant Pirgousis denies that he employed Plaintiff Monter and denies any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, Plaintiff Monter alleged that Defendant Pirgousis was an "employer" under federal and state wage and hour laws; however, following the deposition of Plaintiff Monter, Plaintiff Monter and Defendant Pirgousis agree that Defendant Pirgousis was not at any time an "employer" of Plaintiff Monter; and

      WHEREAS, the parties now desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendant Pirgousis shall pay or cause to be paid to Plaintiff Monter, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and satisfaction of any and all claims that Plaintiff Monter at any time has, had, claims or claimed to

1231196.1

have against Defendant Pirgousis relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement including all counsel fees and costs incurred by Plaintiff Monter, the gross sum of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Settlement Amount") to be paid in one single payment. The settlement payment shall be paid as follows:

    (a)    One check in the amount of Three Thousand Dollars ($3,000.00) made payable to Rodolfo Monter Hernandez for liquidated damages subject to 1099 reporting. One check in the amount of Two Thousand Dollars ($2,000.00) made payable to Michael A. Faillace Esq., as attorney delivered to Plaintiff Monter's counsel subject to 1099 reporting.

All of the checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 on or before 15 days from the date when the Court approves or finally dismisses the action.

    2.    <u>Release and Covenant Not To Sue</u>:  Plaintiff Monter hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendant Pirgousis, his heirs, successors, assigns, affiliates, legal representatives and managers of any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Monter at any time has, had, claims or claimed to have against Defendant Pirgousis relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Notwithstanding the foregoing, nothing herein shall be considered a release of any other defendant in this action.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant Pirgousis of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. The parties specifically acknowledge that Defendant Pirgousis was not an employer of Plaintiff Monter at the restaurant doing business as Thaimee Table and/or Ngam.

    4.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Monter and Defendant Pirgousis.

    5.    <u>Acknowledgments</u>:   Plaintiff Monter and Defendant Pirgousis acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

    6.    <u>Notices</u>:       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Monter:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendant Pirgousis:

Andreas Koutsoudakis, Esq.
**Koutsoudakis & Iakovou Law Group PLLC**
90 Broad Street, 10th Floor
New York, New York 10004
Office: (212) 386-7606
Fax:    (332) 777-1884
E-mail: andreas@kilawgroup.com

7.  Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Monter agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  Release Notification: Defendant Pirgousis advised Plaintiff Monter to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Monter acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Monter acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff Monter confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts

together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Fax or PDF copies shall be deemed originals.

PLAINTIFF:

By: ___[signature]___  Date: 2/21/20
RODOLFO MONTER HERNANDEZ

DEFENDANT:

By: ___Pirgi@aol.com (Feb 19, 2020)___  Date: Feb 19, 2020
ANDREW PIRGOUSIS